[Civ. No. 7361. Third Dist. Nov. 24, 1947.]

HENRY HUHTALA et al., Appellants, v. HELEN M.
HUHTALA, Respondent.

F. H. Bowers for Appellants.

C. E. Tindall and C. M. Hawkins for Respondent.

PEEK, J.—This is an action by plaintiffs to set aside a deed
and to quiet title to certain real property situated in the
town of Rocklin, California. At the conclusion of the trial the
court sitting without a jury found against plaintiffs and
entered judgment for defendant quieting her title to said
property.

Plaintiffs' original complaint contained merely the conven-
tional quiet title allegations. The answer of defendant denied
plaintiffs' title and affirmatively alleged that she was the
owner in fee of said property by virtue of a deed to her from
Thomas D. Huhtala (hereinafter referred to as Thomas) dated
January 25, 1941, and recorded May 12, 1945. However, at
the outset of the hearing plaintiffs were granted leave to file
a second amended complaint which, among other things,
alleged that Thomas, who was the father of plaintiffs and
Alfred Huhtala, defendant's former husband, could neither
read nor write the English language; that Thomas reposed
great confidence in defendant, his daughter-in-law; that she,
acting in unison with her husband Alfred, presented to Thomas

for his signature a document which she represented to be a will; that Thomas, relying on the representations of defendant and Alfred and without independent advice, signed said document believing he was devising the property he owned in the town of Rocklin to his grandchildren, the sons of defendant and Alfred; that more than four years after the execution of said document defendant caused the same to be recorded; that thereafter on June 12, 1945, Thomas executed a second deed wherein plaintiffs were named as grantees and who by virtue thereof are now the owners in fee of said property; that the second deed likewise was recorded; that the instrument under which defendant claims title is null and void, and that defendant has no right or interest in said property. The complaint concluded with a prayer that defendant's deed be canceled and that title to said property be quieted in them. Defendant's answer to the amended complaint denied all of the material allegations therein set forth, and on the issues so formed the cause proceeded to trial, resulting in the judgment previously mentioned.

Essentially the issues argued on appeal are questions of fact wholly within the province of the trial court: (1) That there was fraud in the procurement of the deed from Thomas to Helen, (2) that it was not delivered to her and (3) that it was not executed for a good and sufficient consideration. Nevertheless, we have thoroughly examined the transcript and not only do we find evidence which, if taken alone, would support the findings and the judgment but all the evidence when reviewed together is strongly persuasive of the conclusion reached by the trial court.

Thus it appears from the testimony of Attorney T. L. Chamberlain, that on the day the deed to defendant was executed, Thomas, together with William T. Barnes, the defendant's brother, called at Mr. Chamberlain's law offices in the city of Auburn; that Thomas did not request that a will be drawn but requested that a deed be drawn conveying said real property to defendant; that such request was made in English without the aid of an interpreter. The attorney further recalled that as Alfred had certain financial obligations Thomas did not want to deed the property to him and for that reason the defendant was named as grantee. He could recall no conversation concerning the grandsons or that Thomas desired to devise the property to them. Mr. Chamberlain further stated that Alfred was not present in his office when the deed was drawn; that had he been there the statement for legal

services would not have been mailed to him as the office record showed it was. The defendant testified that later the same day the deed was delivered to her by her brother and at all times thereafter she kept the deed in her possession. She also testified that on various occasions she discussed the deed with both Alfred and her father-in-law and that during such discussions there was never any mention of a will. She further stated it was her father-in-law's wish that in order to avoid arguments with plaintiffs the execution of the deed be kept a secret from them and that it was not to be recorded at that time. The testimony relative to the delivery of the deed to defendant by her brother was corroborated by her son, J. T. Huhtala. Defendant further testified that for a period of 19 years she and Alfred resided with Thomas and that she cared for him during all of that time. The testimony of plaintiffs' witnesses was in complete conflict with the evidence so introduced by defendant.

That appellate courts will not interfere with a conclusion reached by a trial court upon conflicting evidence as to a question of fact is a rule so well established that citation of authority would appear to be unnecessary. (See 2 Cal.Jur. p. 918, §§ 542-543 and cases cited.) The application of this rule to the facts and circumstances of this case must obtain with equal force to the issue of fraud in the procurement of the deed of January 25, 1941, the delivery of that deed to respondent, and the consideration for the same, inasmuch as on all issues the evidence is wholly contradictory and conflicting.

A further contention of plaintiffs is that Alfred was defendant's agent in the procurement of the deed and therefore his alleged fraudulent acts were imputed to her. However, our examination of the transcript shows absolutely no testimony to support such conclusion. Here it should be noted that plaintiffs' case is predicated wholly upon the alleged fraudulent acts of Alfred in procuring a deed of the property from Thomas to defendant rather than obtaining a will as Thomas desired. The only witnesses who testified to what transpired at the time of the execution were Mr. Chamberlain, who drafted the deed and whose testimony has been summarized previously, and Alfred. The latter, when called as a witness for plaintiffs stated that Thomas requested Chamberlain to prepare a will and although he saw the instrument he did not then know it was a deed, and presumably from his testimony he was not aware of this fact until its recordation several years

later. His testimony, when called in rebuttal, was that Mr. Chamberlain advised them that because of Alfred's financial obligations it would be better to have a deed drafted and that they took his advice. But immediately following such testimony he said that he believed the document prepared by Chamberlain was a will. There is no other evidence that Alfred requested Mr. Chamberlain to draw a deed. Even if we conclude that a will was requested and that Mr. Chamberlain failed to follow such instructions but contrary thereto drafted a deed, then it was not Alfred but Mr. Chamberlain who is shown to have been guilty of fraud. But on the other hand, if Alfred's testimony on rebuttal be construed to indicate the fact that it was Mr. Chamberlain who suggested a deed rather than a will, then such testimony merely created a conflict by virtue of Alfred's own contradictory statements, since obviously both statements cannot be correct. The trial court therefore might properly have given to the whole of his testimony the slight credence which it apparently did.

For the foregoing reasons the judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.